UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| **CENTURION INDUSTRIES, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:10-CV-339 |
| | ) | |
| **HARRINGTON BENEFIT SERVICES, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION AND ORDER DENYING APPROVAL
## OF STIPULATED PROTECTIVE ORDER

Before the Court is a stipulation by the parties seeking approval of a proposed protective order. (Docket # 26.) As the proposed order is inadequate, it will be DENIED.

First, paragraph 8(d) of the proposed order provides that documents designated as "Protected Health Information" "shall not be filed with the Clerk of Court . . . [but instead] submitted to chambers *in camera* in a sealed envelope". This proposed procedure is not in accordance with the Court's Local Rule 5.3, which provides that "[m]aterials presented as sealed documents . . . shall be filed electronically pursuant to the CM/ECF Civil and Criminal User Manual for the Northern District of Indiana."

In addition, paragraph 8 suggests that its provisions "shall survive the termination of this Litigation." However, "[t]he Court is unwilling to enter a protective order that requires the Court to retain jurisdiction of any kind after the resolution of the case." *E.E.O.C. v. Clarice's Home Care Serv., Inc.*, No. 3:07-cv-601 GPM, 2008 WL 345588, at *2 (S.D. Ill. Feb. 7, 2008) (encouraging the parties to make a contractual agreement among themselves for the return of sensitive documents without court oversight); *see also Large v. Mobile Tool Int'l, Inc.*, No. 1:02-

CV-177, 2010 WL 3120254, at *1 (N.D. Ind. Aug. 6, 2010).

Finally, as a general matter, the proposed order should make clear that only "Protected Health Information" is to be maintained under seal, rather than entire documents "containing" such information as is provided in paragraph 8(d). *See Cincinnati Insurance*, 178 F.3d at 945 (stating that an order sealing documents containing confidential information is overly broad because a document containing confidential information may also contain material that is not confidential, in which case a party's interest in maintaining the confidential information would be adequately protected by redacting only portions of the document).

"Obtaining a protective order in an appropriate case need not be a[n] onerous task. But such an order may not issue absent an appropriate showing of good cause, as well as adherence to the other limitations the Seventh Circuit has emphasized apply to such orders." *Shepard v. Humke*, 2003 WL 1702256, at *2 (S.D. Ind. Mar. 28, 2003). Of course, the parties may submit a revised protective order consistent with the requirements of Federal Rule of Civil Procedure 26(c)(7) and Seventh Circuit case law, but what has been submitted thus far is inadequate.

For these reasons, the Court hereby DENIES approval of the stipulated protective order submitted by the parties. (Docket # 26.) SO ORDERED.

Enter for this 28th day of April, 2011.

S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge