# UNITED STATES DISTRICT COURT
# NORTHER DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| **CENTURION INDUSTRIES, INC.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | CAUSE NO. 1:10-CV-339 |
| ) | |
| **HARRINGTON BENEFIT SERVICES,** ) | |
| **INC., d/b/a HARRINGTON HEALTH** ) | |
| **d/b/a FISERV HEALTH-KANSAS,** ) | |
| ) | |
| **Defendant.** ) | |

## OPINION AND ORDER

Before the Court is Plaintiff Centurion Industries, Inc.'s ("Centurion") Motion for Leave to File Amended Complaint (Docket # 39), seeking leave to amend its complaint primarily to allege additional claims against Defendant Harrington Benefit Services, Inc. ("Harrington"). In particular, Centurion seeks to assert that Harrington breached a fiduciary duty it owed to Centurion under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et. seq.*, and committed the tort of conversion under Indiana state law. Harrington opposes Centurion's motion, arguing a failure to establish good cause for the untimely amendments and that Harrington will be prejudiced if Centurion is given leave to amend. (Docket # 42.)

For the following reasons, Centurion's motion will be GRANTED.

### I. FACTUAL AND PROCEDURAL HISTORY

This case began with Centurion filing a complaint against Harrington on September 30, 2010, alleging breach of contract, negligence, and bad faith, arising out of Harrington's actions

as the third-party administrator for Centurion's self-funded employee health benefit plan. (Docket # 1.) Harrington filed its answer in general denial and affirmative defenses on November 24, 2010. (Docket # 13.)

On November 30, 2010, the parties submitted their report of their conference under Federal Rule of Civil Procedure 26(f) (Docket # 14), and at the initial scheduling conference on December 7, 2010, the Court adopted the report as its scheduling order, thus making February 15, 2011, the last date for Centurion to seek leave of Court to amend its pleadings. (Docket # 20.) At the same time, the Court set September 30, 2011, as the last date for the completion of all discovery (Docket # 20); on June 15, 2011, however, that deadline was extended by agreement to November 30, 2011. (Docket # 38.)

Now, Centurion wishes to amend its complaint to add three more counts: two separate allegations that Harrington breached its fiduciary duties to Centurion under ERISA, and one count of criminal conversion under Indiana state law. Essentially, Centurion argues in its July 22, 2011, motion that through discovery it learned facts and information giving rise to these legal claims and wishes to add them now, even though the deadline to amend its complaint expired five months earlier. Indeed, the tardiness of Centurion's motion is really the only basis that Harrington advances in opposition to it, other than the rather cursory suggestion that it will be prejudiced given the upcoming November 30, 2011, discovery deadline.

## II. STANDARD ON A MOTION TO AMEND

Under Federal Rule of Civil Procedure 15, a party may amend its pleading once as a matter of course within twenty-one days after serving it, or if the pleading is one to which a responsive pleading is required, twenty-one days after service of a responsive pleading or

2

twenty-one days after service of a motion under Federal Rule of Civil Procedure 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a)(1). Otherwise, a plaintiff may amend only by leave of the court or by written consent of the adverse party. Fed. R. Civ. P. 15(a)(2). Leave to amend is freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). However, this right is not absolute, *Brunt v. Serv. Employees Int'l Union*, 284 F.3d 715, 720 (7th Cir. 2002), and can be denied for undue delay, bad faith, dilatory motive, prejudice, or futility. *Ind. Funeral Dirs. Ins. Trust v. Trustmark Ins. Corp.*, 347 F.3d 652, 655 (7th Cir. 2003).

Moreover, the requirements of Rule 15 must be read in conjunction with the requirements of Federal Rule of Civil Procedure 16 because once the district court has filed a pretrial scheduling order pursuant to Rule 16 establishing a time table for amending pleadings, that rule's standards control. *Alioto v. Town of Lisbon*, __ F.3d __, 2011 WL 2642369, at *3 (7th Cir. July 7, 2011); *BKCAP, LLC v. Captec Franchise Trust 2000-1*, 3:07-cv-637, 2010 WL 1222187, at *2 (N.D. Ind. Mar. 23, 2010) (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992)); *see also Lauer v. Patriot Paint Co.*, No. 1:06-CV-0244, 2007 WL 2068595, at *2 (N.D. Ind. July 17, 2007); *Kortum v. Raffles Holdings, Ltd.*, No. 01 C 9236, 2002 WL 31455994, at *3 (N.D. Ill. Oct. 30, 2002). Rule 16(b)(3)(A) requires that the scheduling order "limit the time to join other parties, amend the pleadings, complete discovery, and file motions."

Thus, "a party seeking to amend a pleading after the date specified in a scheduling order must first show 'good cause' for the amendment under Rule 16(b); then, if good cause is shown, the party must demonstrate that the amendment is proper under Rule 15." *BKCAP*, 2010 WL 1222187, at *2 (quoting *Tschantz v. McCann*, 160 F.R.D. 568, 571 (N.D. Ind. 1995)); *see Alioto*,

3

2011 WL 2642369, at *3 (collecting cases). "A court's evaluation of good cause is not co-extensive with an inquiry into the propriety of the amendment under . . . Rule 15." *Tschantz*, 160 F.R.D. at 571 (quoting *Johnson*, 975 F.2d at 609). "Rather, the good cause standard focuses on the diligence of the party seeking the amendment." *BKCAP*, 2010 WL 1222187, at *2 (citing *Tschantz*, 160 F.R.D. at 571); *see Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005). "In other words, to demonstrate good cause, a party must show that despite its diligence, the time table could not reasonably have been met." *BKCAP*, 2010 WL 1222187, at *2 (citing *Tschantz*, 160 F.R.D. at 571).

### III. DISCUSSION

As noted, the deadline for Centurion to amend its complaint expired on February 15, 2011, that is, five months before the instant motion. Centurion argues, however, that it has good cause for its untimely request to amend because the basis for its new claims was just recently revealed through Harrington's discovery responses.

More particularly, Centurion explains that it served a request for production of documents on Harrington on March 17, 2011, and it responded on June 13, 2011.[1] Those responses allegedly revealed to Centurion for the first time that Harrington exercised discretionary control over Centurion's plan assets such that it was a fiduciary of the plan. In fact, Centurion claims that Harrington used that discretion to, in effect, hide money owed to Centurion (hence, the conversion claim) after those funds were recovered from various health

---

[1] Harrington says that it actually responded with "written responses and objections to Centurion's document requests on April 19, 2011." (Def.'s Opp'n to Pl.'s Mot. for Leave to Am. Compl. 2 n.2.) Harrington's response seems a bit disingenuous, however, as Centurion maintains in its reply that it did not actually receive any documents until mid-June, and it was the documents that triggered the present motion—not Harrington's response under Federal Rule of Civil Procedure 34(b)(2)(B).

4

care providers who had erroneously been paid by Harrington.

Harrington's argument is essentially that if Centurion had been truly diligent, it would have started the document discovery sooner, would have received the documents earlier, and thus would have been in a position to amend before the February 15, 2001, deadline. Thus, as Harrington sees it, because Centurion waited until after the pleading deadline to even begin document discovery, it cannot show—essentially as a matter of law—"that despite [its] diligence the time table could not have reasonably been met." *Jannx Med. Sys., Inc. v. Methodist Hosps., Inc.*, No. 2: 08-CV-286-PRC, 2011 WL 1296392 at *2 (N.D. Ind., Mar. 30, 2011) (quoting *Tschantz*, 160 F.R.D. at 571).

Given the record here, however, it is apparent that good cause has been shown. Centurion demonstrated, and Harrington does not dispute, that it was only when Centurion received the documents requested through discovery that, as this Court observed in *Lauer,* 2007 WL 2068595, at *2, the "precise contours of its [claims]" were revealed. Indeed, *Lauer* is instructive in that there, as here, the discovery leading to the amended claims occurred well after the pleading deadline but "well within the discovery cutoff." *Id*. (citing *Stallings v. Union Pac. R.R.*, No. 01 C 1056, 2003 WL 21317297, at *5 (N.D. Ill. June 6, 2003) (noting that "only through ongoing discovery and investigation was [the plaintiff] able to determine the validity of [the proposed amendment]"). A similar case, not cited by either party but instructive nonetheless, is *Medical Informatics Engineering, Inc. v. Orthopedics Northeast P.C.*, No. 1:06-cv-173, 2008 WL 141504, at *3 (N.D. Ind. Jan. 11, 2008). There, the new claims to be added first became apparent through a deposition taken ten months after the pleading deadline, but still before the close of discovery. Finding good cause from such a scenario, the *Medical Informatics*

5

Court also observed that if the motion were to be denied, it would only likely lead to the filing of another lawsuit, followed then by a motion to consolidate given the unity of parties, facts, and legal assertions and defenses. *Id*. That same reasoning would seem to apply here with equal force and adds to a finding of good cause.

Finally, Harringon does not accuse Centurion of any undue delay in filing the current motion after receipt of the documents, and indeed, it would appear that Centurion acted with some promptness given that it first had to process the new information. *See BKCAP*, 2010 WL 1222187, at *2. And it should be noted that even if the Court accepts Harrington's proposition that Centurion should have started the discovery process well before the pleading deadline, it apparently took Harrington three months to respond with documents and this suggests that even if Centurion had asked for the documents much earlier, it still would not have received them within the pleading deadline.

Turning to Rule 15(a), Harrington does not claim that Centurion's motion should be denied because of bad faith, undue delay, dilatory motive, or futility. *See Ind. Funeral Dirs. Ins. Trust*, 347 F.3d at 655. At best, Harrington makes the rather conclusory assertion that it will be prejudiced because the amendment will "require additional written discovery" and it observes, with depositions still to do and expert discovery to be completed, there is little time to do all that before November 30, 2011. *See generally Caterpillar, Inc. v. Estate of Lacefield-Cole*, 520 F. Supp. 2d 989, 995 (N.D. Ill. 2007) (explaining that "the ability to freely amend must be balanced against the prejudice to the opposing party as a result of the amendment").

Harrington's brief argument is devoid of any suggestion concerning the "additional written discovery" it is contemplating, so *Lauer* is once again instructive. As the Court there

6

observed, with additional discovery ahead even without an amendment, and with adequate time left to do discovery with the amendment, "any prejudice . . . is capable of being cured." *Lauer*, 2007 WL 2068595 at *4. Indeed, Centurion is already on record as saying in its reply that it will not oppose any extension of discovery necessitated by the amendment, and the Court will grant a reasonable extension to all existing deadlines and dates if it will erase any notion that either party will be prejudiced because of it.

Therefore, in light of Rule 15(a)(2)'s mandate to freely grant leave when justice so requires, and because Harrington makes no showing of prejudice from any of the proposed amendments, Centurion's motion will be GRANTED.

## IV.  CONCLUSION

Centurion's Motion for Leave to File Amended Complaint (Docket # 39) is GRANTED, and the Clerk is directed to show the Amended Complaint filed. Harrington is to file an answer to the Amended Complaint within fourteen days.

SO ORDERED. Enter for August 17, 2011.

S/Roger B. Cosbey  
Roger B. Cosbey  
United States Magistrate Judge