UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **CENTURION INDUSTRIES, INC.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )   CAUSE NO. 1:10-CV-339 |
| | ) |
| **HARRINGTON BENEFIT SERVICES,** | ) |
| **INC., d/b/a HARRINGTON HEALTH** | ) |
| **a/d/b/a FISERV HEALTH-KANSAS,** | ) |
| | ) |
| **Defendant.** | ) |

**OPINION AND ORDER**

Before the Court is Plaintiff's Motion to Compel (Docket # 61), requesting that the Court compel Defendant to fully respond to certain interrogatories and requests for production. Because Plaintiff attempted, but failed to comply with Local Rule 37-1(a), the Motion will be DENIED without prejudice.

*A. Procedural Background*

Plaintiff indicates that it has served certain interrogatories and requests for production upon Defendant that have not been fully answered, despite correspondence seeking more complete responses. (Mot. to Compel ¶¶ A, B, C.)

The discovery responses have been the topic of some emails and letters spanning many months, but notably, virtually no in-person communication between counsel. (Local Rule 37.1 Certification ¶¶ 5-21.)[1] In the end, counsel for Plaintiff merely sent a letter to counsel for Defendant on December 7, 2011, reciting the dispute in a cursory way as its "attempt to resolve a discovery dispute" under the local rules. (Local Rule 37.1 Certification ¶ 19, Ex. 15.)

---

[1] Counsel should note that effective January 1, 2012, the local rules were restyled so that the proper citation is now Local Rule 37-1.

*B. Discussion*

Local Rule 37-1(a) requires that with the filing of a discovery motion, a separate certification must also be filed indicating that "the party has conferred in good faith or attempted to confer with the other affected parties in an effort to resolve the matter raised in the motion without court action." The certification is to include the date, time and place of the conference and the participants. N.D. Ind. L.R. 37-1(a)(1)(2).

"A good faith effort to resolve a discovery dispute requires that counsel converse, confer, compare views, consult and deliberate." *Teton Homes Europe v. Forks RV*, No. 1:10–CV–33, 2010 WL 3998194, at *1 (N.D. Ind. Oct. 12, 2010) (citing *Imbody v. C & R. Plating Corp.*, No. 1:08-cv-218, 2010 WL 3184392, at *1 (N.D. Ind. Aug. 10, 2010); *Ellis v. CCA of Tenn., LLC*, No. 1:08-cv-0254-SEB-JMS, 2009 WL 234514, at *2 (S.D. Ind. Feb. 2, 2009) (citation omitted)). "The requirement to meet and confer must be taken seriously, because 'before the court can rule on a motion, the parties must demonstrate they acted in good faith to resolve the issue among themselves.'" *Id.* (citing *Imbody*, 2010 WL 3184392, at *1 (quoting *Robinson v. Potter*, 453 F.3d 990, 995 (8th Cir. 2006)).

In this instance, Plaintiff's certification is inadequate because it does not recite, as Local Rule 37-1 requires, the date, time, and place of the supposed conference or the participants. Instead, the supporting materials show that Plaintiff's counsel merely sent letters and emails to Defendant's counsel, culminating in a pro forma letter on December 7, 2011. *See generally Imbody*, 2010 WL 3184392, at *1 (concluding that several letters exchanged between counsel was not a good faith conference); *Shoppell v. Schrader*, No. 1:08-cv-284, 2009 WL 2515817, at *1-2 (N.D. Ind. Aug. 13, 2009) (finding that a telephone call and a letter was not a good faith conference); *Pinkham v. Gen. Prods. Corp.*, No. 1:07-cv-174, 2007 WL 4285376, at *1 (N.D. Ind. Dec. 3, 2007) (concluding that

an exchange of five letters was not a good faith conference).

Furthermore, the final letter sent by Plaintiff's counsel on December 7, 2011, merely recites the existing status of discovery, and this is insufficient. *In re FedEx Ground Package Sys., Inc.,* No. 3:05–MD–527 RM, 2007 WL 79312, at *7 (N.D. Ind. Jan. 5, 2007) (explaining that an email exchange "recit[ing] each parties' general stance on the issue rather than any type of bartering or negotiations . . . does not represent meaningful dialogue or show an attempt at a such dialogue to satisfy Fed. R. Civ. P. 37(a)"). The meet and confer requirement is to be taken seriously. *Garcia v. Aartman Transp. Corp.*, No. 4:08-cv-77, 2010 WL 2427571, at *4 (N.D. Ind. June 4, 2010). "The parties are reminded that discovery is supposed to be a cooperative endeavor, requiring minimal judicial intervention." *C.A. v. Amli at Riverbend LP*, No. 1:06-cv-1736-SEB-JMS, 2008 WL 1995451, at *2 (S.D. Ind. May 7, 2008) (citing *Airtex Corp. v. Shelley Radiant Ceiling Co.*, 536 F.2d 145, 155 (7th Cir. 1976)). Consequently, Plaintiff's Motion to Compel will be denied for failing to comply with Local Rule 37-1.

### C.  Conclusion

For the foregoing reasons, Plaintiff's Motion to Compel Discovery (Docket # 61) is DENIED. The motion can be renewed, if necessary, after counsel conduct a conference, or Plaintiff shows that a conference was attempted. *See Shoppell,* 2009 WL 2515817, at *2.

SO ORDERED.

Enter for January 30, 2012.

S/Roger B. Cosbey
Roger B. Cosbey
United States Magistrate Judge

3